# EXHIBIT A

| **CIVIL ACTION COVER SHEET** | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT | DOCKET NO. ᴇsᴄᴠ 2012-1967ᴇ |
|---|---|---|
| | COUNTY OF   ESSEX | |

| PLAINTIFF(S)  Carlos Concepcion | DEFENDANT(S)  Compass Group USA, Inc. |
|---|---|

| Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known) |
|---|---|
| Simon Dixon, Esq., Dixon & Associates, 439 South Union Street, Suite 202, Lawrence, MA 01843 (978) 794-1623 BBO#: 546343 | |

**TYPE OF ACTION AND TRACK DESIGNATION** (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)    TRACK | IS THIS A JURY CASE? |
|---|---|---|
| **B22** | **Employment Discrimination - Fast Track** | ⊙ ] Yes   ⊂ ] No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.   Documented medical expenses to date:
  1.   Total hospital expenses                                                                      $ _____
  2.   Total doctor expenses                                                                        $ _____
  3.   Total chiropractic expenses                                                                  $ _____
  4.   Total physical therapy expenses                                                              $ _____
  5.   Total other expenses (describe)                                                              $ _____
                                                                                   Subtotal   $ _____
B.   Documented lost wages and compensation to date                                                 $ _____
C.   Documented property damages to date                                                            $ _____
D.   Reasonably anticipated future medical expenses                                                 $ _____
E.   Reasonably anticipated lost wages and compensation to date                                     $ _____
F.   Other documented items of damages (describe)
                                                                                              $ _____
G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)

     Age and race discrimination in violatin of M.G.L.c. 151B and
     violation of Family Medical Leave Act (FMLA).

                                                                            Total $ _____

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                      TOTAL    $ ...............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____            Date:   Oct 18, 2012

A.O.S.C. 3-2007

 **CT** Corporation

**Service of Process Transmittal**
10/31/2012
CT Log Number 521516919

**TO:**  Carol Werth, Litigation Paralegal
Compass Group USA, Inc.
2400 Yorkmont Road
Charlotte, NC 28217-

**RE:**  **Process Served in Massachusetts**

**FOR:**  Compass Group USA, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**  Carlos Concepcion, Pltf. vs. Compass Group USA, Inc., Dft.

**DOCUMENT(S) SERVED:**  Summons, Proof of Service, Scheduling Order, Cover Sheet, Certification, Complaint and Request for Trial by Jury, First Set of Interrogatories, First Set of Request

**COURT/AGENCY:**  Essex County Superior Court - Salem, Essex County, MA
Case # ESCV20121967C

**NATURE OF ACTION:**  Employee Litigation - Discrimination - Wrongful termination of employment for age and race discrimination

**ON WHOM PROCESS WAS SERVED:**  C T Corporation System, Boston, MA

**DATE AND HOUR OF SERVICE:**  By Process Server on 10/31/2012 at 14:45

**JURISDICTION SERVED :**  Massachusetts

**APPEARANCE OR ANSWER DUE:**  Within 20 days, exclusive of the day of service - Answer Complaint // 1/17/2013 - Return filed with Court (See document for additional deadlines)

**ATTORNEY(S) / SENDER(S):**  Simon Dixon
Dixon & Associates
439 So. Union St., Ste. 202
Lawrence, MA 01843
978-794-1623

**ACTION ITEMS:**  CT has retained the current log, Retain Date: 10/31/2012, Expected Purge Date: 11/05/2012
Image SOP
Email Notification, Carol Werth Carol.Werth@Compass-usa.com
CC Recipient(s)
Helen Gilbert-Korinth, Litigation Paralegal, via Customer Pick-up

**SIGNED:**  C T Corporation System
**PER:**  Dahrlena Mitchell
**ADDRESS:**  155 Federal Street
Suite 700
Boston, MA 02110
**TELEPHONE:**  617-757-6404

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS

ESSEX SUPERIOR COURT
DOCKET NO.: ESCV 2012-1967C

CARLOS CONCEPCION,          )
                            )
    PLAINTIFF               )
                            )
    v.                      )
                            )
COMPASS GROUP USA, INC.,    )
                            )
    DEFENDANT          )

## COMPLAINT AND REQUEST FOR TRIAL BY JURY

### I.  PARTIES

1.  Plaintiff, Carlos Concepcion, is an individual who resides in Lawrence, Essex County, Massachusetts.

2.  Defendant, Compass Group USA, Inc., is a foreign corporation incorporated under the laws of the State of Delaware with an office located at 71 First Avenue, Waltham, MA 02154.

### II.  FACTS

3.  Plaintiff worked for the defendant from May 15, 1989 up to November 8, 2010 as a cafeteria worker stationed at Analog Devices, 804 Woburn Street, Wilmington, MA 01887.

4.  On November 8, 2010, plaintiff requested time off to take care of his ailing wife who was suffering from terminal cancer, who eventually died on December 15, 2010.

5.  Plaintiff asked his Supervisor, Robert Major, for medical leave of absence so that he could take care of his ill wife.

1

6.     At all relative times, defendants employed more than fifty (50) employees.

7.     At all relevant times prior to November 8, 2010, plaintiff was employed by the defendant for at least twelve (12) months on a full-time basis working at the very least one thousand two hundred fifty (1250) hours during the previous 12-month period.

8.     On or about November 8, 2010, plaintiff's Supervisor, Robert Major, informed the plaintiff to take as much time off as possible to take care of his ailing wife, suggesting that plaintiff should apply for unemployment benefits during his absence.

9.     Plaintiff followed Robert Major's advice, when he applied for unemployment benefits, only to be informed on December 9, 2010 that he was disqualified due to the defendant's allegations that plaintiff abandoned his job.

10.    At all relevant times, plaintiff was over the age of forty (40), whose date of birth is April 17, 1941.

11.    Plaintiff is of Hispanic decent from the Dominican Republic.

12.    Based upon Robert Major's assurances, plaintiff not only took a leave of absence from work but also applied for unemployment benefits after November 8, 2010.

13.    Plaintiff's Supervisor, Robert Major, discriminated against the plaintiff based upon his age, sixty-nine (69) years of age.

14.    Moreover, plaintiff's Supervisor, Robert Major, retaliated against the plaintiff for taking time off from work  to take care of his dying wife.

15.    Plaintiff's Supervisor, Robert Major, discriminated against the plaintiff based upon plaintiff's race and national origin, i.e., Hispanic from the Dominican Republic.

16.     Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) against Compass Group USA, Inc. and Robert Major on or about February 9, 2011.

17.     Plaintiff also filed a Charge of Discrimination with the EEOC on or about the same time that he filed his Charge of Discrimination with the MCAD, on February 9, 2011.

18.     As a direct and proximate result of defendant's conduct, plaintiff suffered lost wages, including but not limited to front and back pay.

19.     Furthermore, plaintiff also suffered emotional distress, depression, anxiety, and loss of self-esteem.

## COUNT I - VIOLATION OF 151B

20.     Plaintiff re-alleges paragraphs 1 through 19 of this complaint and by reference incorporate them into this count.

21.     Defendant, through Supervisor, Robert Major, discriminated against the plaintiff based upon his age, i.e., sixty-nine (69) years of age, race and ethnicity, i.e., Hispanic from the Dominican Republic.

22.     Defendant, through Supervisor, Robert Major, retaliated against the plaintiff for requesting time off to take care of his dying wife pursuant to the Family Medical Leave Act (hereinafter referenced as FMLA).

23.     Plaintiff's Supervisor, Robert Major, started to harass the plaintiff once he became his supervisor, approximately a few months prior to November 8, 2010, by providing him with warnings and reprimands.

24.     Defendant directly and proximately caused the plaintiff to suffer emotional distress, depression, loss of self-esteem and lost wages, i.e., front and back pay.

3

**WHEREFORE**, plaintiff respectfully moves that this Honorable Court enter a judgment against the instant defendant in the amount it deems appropriate under the circumstances to compensate the plaintiff for his damages and also award punitive damages, attorney's fees, costs and expenses in accordance with M.G.L. c. 151B § 9.

## COUNT II - RETALIATION

25.    Plaintiff re-alleges paragraphs 1 through 24 of this complaint and by reference incorporate them into this count.

26.    The plaintiff requested from his Supervisor, Robert Major, to take time off, to take care of his dying wife, who eventually died from cancer on December 15, 2010.

27.    Robert Major not only provided assurances to the plaintiff that his job was protected, but also suggested that he should try to collect for unemployment benefits.

28.    Thereafter, Robert Major informed the defendants that plaintiff abandoned his job.

29.    The defendant, through Supervisor, Robert Major, retaliated against the plaintiff for taking time off to take care of his dying wife, and for utilizing the FMLA.

30.    Plaintiff not only suffered loss of income, including but not limited to front and back pay, but also suffered emotional distress, anxiety, depression, and loss of self-esteem.

**WHEREFORE**, plaintiff respectfully moves that this Honorable Court enter a judgment against the instant defendant in the amount it deems appropriate for retaliating against him and compensate the plaintiff for compensatory damages, punitive damages, attorney's fees, costs and expenses.

## COUNT III - VIOLATION OF FAMILY MEDICAL LEAVE ACT (FMLA)

31.     Plaintiff re-alleges paragraphs 1 through 30 of this complaint and by reference incorporate them into this count.

32.     Plaintiff requested to take time off from work to take care of his dying wife who eventually died from cancer on December 15, 2010.

33.     The defendant, through Supervisor, Robert Major, informed the plaintiff not only that he could take time off to take care of his dying wife but also to collect unemployment benefits during such period of time.

34.     However, on or about December 9, 2010 plaintiff was informed that he abandoned his job.

35.     Thus, the plaintiff was terminated from employment within the twelve (12) week period afforded by the FMLA.

36.     Defendant violated the Family Medical Leave Act, 29 USCA § 2601, 2611, and 2612.

37.     Defendant also violated the FMLA, 29 USCA § 2611(4); 29 USCA § 2615 and M.G.L. 151B, when Robert Major willfully and maliciously informed the defendant that plaintiff abandoned his job during the twelve (12) week period allowed by FMLA.

        **WHEREFORE**, plaintiff respectfully moves that this Honorable Court enter a judgment against the instant defendant for violating plaintiff's FMLA and award compensatory damages, punitive damages, attorney's fees, costs, expenses and interest in accordance with 29 USCA § 2611(4); and § 2617.

## COUNT IV - WRONGFUL TERMINATION

38.     Plaintiff re-alleges paragraphs 1 through 37 of this complaint and by reference incorporate them into this count.

5

39.     Defendant terminated plaintiff's employment when Robert Major intentionally informed management that plaintiff abandoned his job in December 2010, even though plaintiff obtained Robert Major's consent to take time off to take care of his ailing wife.

40.     Defendant terminated the plaintiff's employment due to his request to take time to take care of his ailing wife.

41.     Defendant wrongfully terminated plaintiff's employment due to plaintiff's exercise of his rights provided by FMLA and time off to take care of his wife.

**WHEREFORE**, plaintiff respectfully moves that this Honorable Court enter a judgment against the instant defendant for wrongfully terminating plaintiff's employment in violation of FMLA and M.G.L. c. 151B and award him compensatory damages, punitive damages, attorney's fees, interest, costs and expenses.

## COUNT V - AGE DISCRIMINATION VIOLATION OF M.G.L. c. 151B

42.     Plaintiff re-alleges paragraphs 1 through 41 of this complaint and by reference incorporate them into this count.

43.     Plaintiff, whose date of birth is April 17, 1941, was sixty-nine (69) years of age, when he was terminated from employment.

44.     Plaintiff was harassed and terminated from employment due to his age.

45.     Defendant discriminated against the plaintiff due to his age, treating him differently than other employees who were under the age of forty (40), by reprimanding and warning him even though plaintiff worked for the defendants since 1989.

46.     As a direct and proximate result, plaintiff suffered emotional distress, loss of self-esteem, anxiety, depression and lost wages, including but not limited to front and back pay.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court enter a judgment against the instant defendant in accordance with M.G.L. c. 151B due to defendant's discrimination based upon age and award him compensatory and punitive damages, including but not limited to attorney's fees, costs and expenses, pursuant to M.G.L. c. 151B.

## COUNT VI - RACE DISCRIMINATION IN VIOLATION OF M.G.L. c. 151B

47.    Plaintiff re-alleges paragraphs 1 through 46 of this complaint and by reference incorporate them into this count.

48.    Plaintiff is of Hispanic ancestry from the Dominican Republic.

49.    During plaintiff's employment for the defendant, other workers who were not minorities were treated differently, allowing them time to take leave of absence in accordance with FMLA.

50.    Due to plaintiff's race and national origin, defendant treated the plaintiff in a disparate manner from non-minorities employees by harassing him, providing warnings and reprimands, and eventually terminating plaintiff's employment by telling management that he abandoned his job.

51.    As a direct and proximate result, defendant discriminated against the plaintiff due to his race and national origin, who experienced adverse treatment, including but not limited to termination from employment in November and/or December 2010.

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court enter a judgment against the instant defendant pursuant to M.G.L. c. 151B as a result of defendant's discrimination based upon race and ethnicity and award him compensatory and punitive damages, and attorney's fees, costs and expenses.

## COUNT VII - BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

52.    Plaintiff re-alleges paragraphs 1 through 51 of this complaint and by reference incorporate them into this count.

7

53.    The defendant's conduct in terminating plaintiff's employment after he requested a leave of absence to take care of his dying wife was in bad faith and with malice.

54.    As a direct and proximate result of defendant's conduct in the breach of the Implied Covenant of Good Faith and Fair Dealing, plaintiff suffered loss of income including but not limited to front and back pay, emotional distress, anxiety and depression.

    **WHEREFORE**, plaintiff respectfully moves that this Honorable Court enter a judgment against the instant defendant for the Breach of Implied Covenant of Good Faith and Fair Dealing, and award him compensatory and punitive damages, and attorney's fees, costs and expenses.

## COUNT VIII - BREACH OF ORAL REPRESENTATION

55.    Plaintiff re-alleges paragraphs 1 through 54 of this complaint and by reference incorporate them into this count.

56.    In November 2010, plaintiff requested from his Supervisor, Robert Major, time off from work to take care of his dying wife, who eventually died from cancer on December 15, 2010.

57.    The defendant, through Supervisor, Robert Major, made oral representations to the plaintiff not only to take a leave of absence pursuant to FMLA but also to apply for unemployment benefits.

58.    Plaintiff requested a leave of absence from work pursuant to the Family Medical Leave Act (FMLA).

59.    Robert Major terminated plaintiff's employment within the twelve (12) week period allowed by Family Medical Leave Act by informing management that plaintiff abandoned his job in November or December 2010.

8

60.     As a direct and proximate result of defendant's termination of plaintiff's employment in November or December 2010, defendant breached the oral representations they made to the plaintiff, through Supervisor Robert Major, that he would be able to return to work after his wife dies.

61.     As a direct and proximate result, plaintiff lost time from work and thus, lost front and back pay.

62.     Furthermore, plaintiff suffered emotional distress, including but not limited to loss of self-esteem, depression and anxiety.

     **WHEREFORE**, plaintiff respectfully moves that this Honorable Court enter a judgment against the instant defendant for its Breach of Oral Representations, and award the plaintiff compensatory damages, punitive damages, front and back pay and emotional distress, plus attorney's fees, costs and expenses.

## COUNT IX - DETRIMENTAL RELIANCE

63.     Plaintiff re-alleges paragraphs 1 through 62 of this complaint and by reference incorporate them into this count.

64.     Plaintiff relied upon Robert Major's assurances that he would be able to resume work following the death of his wife on December 15, 2010.

65.     Plaintiff detrimentally relied upon Supervisor Robert Major's assurances to his detriment, which led to his termination in November or December 2010, during the time that he was allowed to take Family Medical Leave Act.

66.     As a direct and proximate result of plaintiff's detrimental reliance on defendant's assurances that he would be able to resume work following the death of his wife on December 15, 2010, plaintiff suffered lost wages, i.e., front and back pay, and emotional distress, including but not limited to loss of self-esteem, depression and anxiety.

9

**WHEREFORE**, plaintiff respectfully requests that this Honorable Court enter a judgment against the instant defendant in the amount it deems appropriate to compensate the plaintiff for his detrimental reliance, and award the him lost wages, i.e., front and back pay, compensatory damages, punitive damages, attorney's fees, costs and expenses.

**PLAINTIFF REQUESTS A TRIAL BY JURY ON EACH AND EVERY ISSUE**

Date: _10|18|2012_

Respectfully submitted,
Plaintiff, Carlos Concepcion,
through counsel,

Simon Dixon, Esq.
DIXON & ASSOCIATES
439 South Union Street, Suite 202
Lawrence, MA 01843
(978) 794-1623
BBO#: 546343

COMPLAINT 10-05-12

10

**Commonwealth of Massachusetts**
**The Trial Court**
**Probate and Family Court Department**

**Division** _____

Docket No. _ESCV2012-1967-C_

## UNIFORM COUNSEL CERTIFICATION FORM

Case Caption: _____ Carlos Concepcion v. Compass Group, Inc. _____

I am the attorney-of-record for: _____ Carlos Concepcion _____

⊙ plaintiff  ○ defendant  ○ petitioner  ○ respondent in the above-entitled matter.

In accordance with Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) which states in part:

"...Attorneys shall provide their clients with this information about court-connected dispute resolution services; discuss with their clients the advantages and disadvantages of the various methods of dispute resolution; and certify their compliance with this requirement on the civil cover sheet or its equivalent."

I hereby certify that I have complied with this requirement.

_____
(Signature of Attorney-of-Record)

_____
Simon Dixon, Esq.
(Print name)

B.B.O. #   546343   _____

Date   October 18, 2012   _____

CCF (4/07)                                                          C.G.F